Number 255327, United States of America v. Michael Hoffpower. Argument not to exceed 15 minutes per side. Mr. Jack Millman, you may proceed for the appellant. Good afternoon, your honors. The decision below permitting a search incident to arrest contained a critical error. It assumed that if an item in plain view in Mr. Hoffpower's stalking crime, that item supported a reasonable belief that his vehicle contained additional evidence relevant to the crime he was arrested for. But the focus must be on the actual basis of Mr. Hoffpower's arrest, alleged stalking via repeated unwanted contacts with BH. Otherwise, many lawful items, including firearms, could always be imagined as relevant to some hypothetical version of a charged offense, greatly undermining the privacy interest one has in their vehicle. The government appears to mostly concede this point. It has abandoned any reliance on the empty pistol magazine that the lower courts relied on to support the search. And its brief at times seems to back away from the hypothetical crime approach. This court should announce the proper legal rule, vacate the decision below, and remand so that the district court can apply the correct standard in the first instance. Separately, the body camera footage and other evidence... Why, it's not, so let's focus on the binoculars. He's arrested for stalking, so we look at Gantt, that's the crime we look at under Gantt, right? Yes. And why, and they don't need probable cause, right? It's not just an automobile exception case, it's an incident to arrest. So why, just looking at that standard, why are the binoculars, why is that, why are they not, I mean, I understand they're an innocent item or whatever, but why in the context of stalking where, you know, you're following somebody, why are the binoculars not related to that crime? So it could be related to some kinds of stalking crimes, just as the empty pistol magazine could be. But if you look at what the magistrate judge on pages 35 through 38 of her opinion, which is page ID 201 through 204, discusses about the basis for the probable cause for the arrest for stalking, it's all about unwanted contacts, making the appointment, texts, everything else. This isn't a surveillance case, this was an unwanted contacts case. So you run into the same problem where, yes, certainly you could imagine binoculars being used in stalking crimes, but the basis of the arrest was not tied to surveillance, it was tied to the unwanted contacts. Did they think that the defendant was trying to escape when they came up? Did he drive off or drive a little ways off, indicating some attempt to flee? So, Your Honor, yes. On the second issue, the truck, he did back the truck up slightly, but he then stopped and he exited the vehicle and he shut the door. He was standing next to an officer, so at that point he was complying with the orders up until Officer Collins told him to come over. And why couldn't they go ahead and look inside the vehicle at that time? So, at that time, they did not have probable cause to search the vehicle, so the automobile exception did not apply. And there was no exigent circumstances, he wasn't, you know, once they handcuffed him, they didn't need to search to prevent him from breaching for a weapon or to protect evidence. He was already handcuffed. So at that point, they have to have the search incident to arrest exception. And did they get a telephone call indicating that that's what your client was doing? So, they did have a telephone and call notes that had allegations about the unwanted contacts, but there wasn't, you know, this is something where allegations of binoculars are central or even really tied to the case. This was all about him texting or him trying to show up at the medical facility. But they don't have a right to look inside the console or anything inside the truck? Or was it an SUV? It was a truck. And so, under Gant, you know, there's a couple exceptions. There's the probable cause automobile exception, but everyone agrees that doesn't apply. There's the exception to protect the officer to prevent destruction of evidence, but that doesn't apply. So that leaves the question of whether it's reasonable to believe that the vehicle contains evidence of the offense of arrest. And under Gant, you need something. You need objective facts, not just a hunch that this might be connected or that there might be something there. You need more. So, what are we measuring the nexus between? Are we measuring it between the facts the officers already know about the basis for the arrest? Or are we measuring it against the statutory elements of the crime of arrest? Because, as I understand Tennessee law, stalking involves following, monitoring, observing, surveilling. If we're measuring it based on that statutory text and the definition of stalking, I mean, surveilling, binoculars seem to go hand in hand. So, how are we assessing nexus? We're assessing nexus on the former, the facts underlying the arrest. Because I agree with you. I'll concede, if this is a sort of categorical approach where you look at all the elements and you consider all the possible ways that a crime could be committed, you can imagine binoculars being used for surveillance, which is under the Tennessee statute. You can imagine weapons being used to intimidate or cause emotional distress under the Tennessee statute. So, I think the key is, looking at Gantt and the case law, it can't be that it's a categorical approach. So, the approach that makes sense, that's reasonable, would be looking at the facts underlying the arrest. That seems to impose a pretty high burden on officers to basically prove the entire case in course of conduct and even uncompleted conduct before, like, just when they're making the arrest, as opposed to what I thought reasonable belief would entail would be, kind of like, there might be evidence, I think, Gantt uses. So, I think it's got to be more than might. Because, you know, Gantt is saying that since this is a search without a warrant, there's sort of some real protection here. And the nexus ensures that you don't arrest someone, see a lawful item like a firearm, even though there's no allegations connecting the use of a firearm to an offense, say, well, you know, firearms could be used in assaults. Yes, the person was arrested for a bar fist fight, but I'm going to search the vehicle anyway and do general rummaging. I think it stretches Gantt to, if you could imagine any item in the vehicle being connected to sort of the crime generally, you would get to do a general search. What about, what if the binoculars were, go ahead Judge Seiler, I'm sorry. What would the officer have to see inside the cab before looking inside with more deliberate use of that? It's very much tied to the facts of each case. So, there's a couple of cases, I think Gross is one of them, that's DUI cases. And they arrest the person and they see signs of intoxication and then they see, you know, a half full beer in the car. There, there's a sufficient nexus. And you could certainly imagine if there had been allegations about a use of a weapon in Pennsylvania when he showed up at her home, then seeing the pistol magazine, you'd have a nexus. That would be sufficient. But there, it's just tied to what does the officer know at the time of the arrest that forms the basis of probable cause. What if the binoculars had been night vision goggles? So, I don't think in this case, because there's no allegations of surveillance at night or, you know, monitoring at night. So, I think the answer would be no. But it is very fact specific. So, you can imagine other cases where maybe it would make a difference. Or if the item is particularly unusual or has less of a lawful purpose. But I don't think that alone would be sufficient. If they had just found the flowers, they recovered, I think, flowers and chocolates from the car, is that right? I believe that's correct. Okay. So, what if they had just seen the flowers and the chocolates in his front passenger seat? I don't think that would have been sufficient. But in any event, the government... Why not, why not the flowers and the chocolates? I thought we knew the basis of the offense was his repeated attempts to contact and approach her for reconciliation. What about the flowers and the chocolates? Wouldn't it meet your own test? So, I guess I'll take two points. So, one is, I guess it's objective reasonableness. So, the flowers and the chocolates, at the time, I don't think the officers knew that they had any connection to what he was doing. There was no objective, reasonable basis to believe they were connected. Even if they were, the government didn't rely on that below, didn't rely on that. I'm trying to understand the basis for, like, assessing the relevancy of innocuous, like, potentially innocuous items to the crime of arrest. And it strikes me that you're making officers basically prove a one-to-one match with facts they already know and the precise evidence used as a means to commit the offense. And I'm not sure where that's coming from. So, I don't think it needs to be a one-to-one fit. I think you can look at sort of the plain view cases, for example, where they talk about a nexus, but you certainly don't need an exact fit. So, again, if there had been allegations of a weapon used in Pennsylvania and then you see the empty pistol magazine, that would connect. Perhaps if there had been allegations that he, I guess, had repeatedly bought her unwanted gifts or they had some basis to, you know, know at the time or believe that those items might be connected, they could have made that argument. But, again, they didn't make that argument below. They didn't make that argument here. Perhaps in another case, if they had a basis to believe those items are connected to reconciliation and they showed intent, but, again, I just don't think in this case that that would work. But, again, I agree with you. It's not a one-to-one fit or a glove, but it has to be some meaningful connection beyond a hunch. What's your best case from the Sixth Circuit or the U.S. Supreme Court on this to rely on your argument? So I think for the Sixth Circuit, it would be United States v. Buford, which is 632 F. The Supreme Court, I look back at Gantt, and Gantt did not go into great detail about the contours of its tests, but they reference a concurrence by Justice Scalia in Thornton. And Justice Scalia talks about historical sources that are discussing this type of search. And I think there it gives a sense of it's providing some actual protection. It's, you know, more than just any hunch, any connection suffices. Absent any questions, I'll sit down. Thank you, Your Honor. Have your rebuttal. May it please the Court, Sam Fitzpatrick for the United States. The touchstone of the Fourth Amendment is reasonableness, and officers here acted reasonably from start to finish. Officers reasonably believe the defendant's truck contained evidence relevant to the crime of arrest, and to determine whether or not the officer's belief was reasonable, the Court should consider the totality of the circumstances. The deal with the magazine. You didn't really talk about it in your brief. Are you abandoning any reliance on it? No, Your Honor, I'm not abandoning any reliance on it, but the Court here need not consider it, because the binoculars Well, the District Court, I mean, it seemed like it was important to the District Court, am I wrong? It kind of says, oh, this might be enough, the binoculars, but, you know, adding the magazine in there kind of puts it over the top. That's the way I kind of read that opinion. I think that's a fair reading of it, Your Honor. I think the way I read the District Court's opinion was that the Court was considering both of those things, because both of the parties had asked it to consider those things in conjunction, and that the Court was suggesting that the binoculars might by themselves be enough, but the Court wasn't going to make a determination on that because the parties hadn't asked it to. And what's interesting is that in the District Court, the defendants seemed to agree that the binoculars were evidence of stalking. In the defendant's motion to submiss, that's motion to suppress, that's record 30 at page ID 72, the defendant said that binoculars could possibly be used as evidence of stalking. And so really, whether or not the binoculars were evidence of stalking wasn't really disputed below, and the District Court's opinion, I think, could be read as acknowledging that they might by themselves be enough. And this Court could affirm on any basis supported by the record. And just as a matter of common sense, I think it's hard to imagine any item other than binoculars that's more closely related to stalking. Binoculars show up again and again in stalking cases. The Seventh Circuit in Garcia's- There's a distinction that counsel is drawing between surveillance-based stalking and, you know, contact or whatever it would be. That this really wasn't about surveillance. Your Honor, the defendant's argument only works if stalking is divisible into stalking by unwanted communications and stalking by unwanted surveillance and stalking by unwanted following. But that's not the way the statute works. Under Tennessee law, misdemeanor stalking is one single offense, and it can be committed a variety of ways. So my colleague said that he pointed to the magistrate judge's statement that he was arrested for stalking via unwanted contacts. If you look at the statute, that's TCA 39-17-315, all stalkings are stalkings by unwanted contacts. And then the statute gives a whole list of verbs that the defendant has to do at least two of to commit the act of stalking. And specifically, those are following, monitoring, observing, surveilling, threatening, communicating, or interfering with property. And under the statute, so long as a defendant engages at least in two of those acts, that is stalking through unwanted pattern of repeated or continuous unconsented contacts. Are you asking us, based on that argument, to wait into this area of drawing distinctions between elements and means, which has not necessarily been the most fruitful enterprise by a federal court? Not at all, Your Honor. The United States argument is not categorical. The United States argument is that the court should consider the totality of the circumstances here. And under the totality of the circumstances, in light of the officer's training and experience and common sense, the officers reasonably believe that the binoculars were evidence of stalking. And a few things I'd like to point the court to under the totality of the circumstances, the officers found the binoculars on the center console of the defendant's truck, and that's the same truck that he told them he drove ten and a half hours from Pennsylvania to Knoxville to make contact with his estranged wife, who he admitted had said, I don't want to see you, don't come to my work. On his phone, they found messages from his victim that said, go home, stay away from me. And that's the same truck that an hour before the officers found those binoculars, that same truck was parked within sight of the victim's workplace. And so based on those circumstances, it's hard to imagine what other possible innocent explanation there could be for the binoculars. And often in these cases, there is some sort of innocent explanation that's offered, an alternative explanation that, you know, the defendant was engaged in this conduct, and yes, the police thought it was suspicious, but actually it was for this reason. And here, there has been zero alternative explanation offered for these binoculars. And given the context, given the circumstances, it's hard to imagine what possible innocent explanation there would have been. He was parked outside his victim's workplace an hour before police found him with the binoculars on the center console of his truck, in the parking lot of a grocery store, writing a letter to his victim. Also, the other evidence in the case further support, the officers knew that the defendant had driven from far away, and that fact is important because the fact that he came from out of town and he's using the truck itself to stalk his victim, it also means that any other additional evidence of stalking is likely to be in the truck. He's not local to the area and he lives five minutes away or something like that. Let me ask you this, since I asked the other side. What's your best case on the Sixth Circuit or the Supreme Court or both? Well, Your Honor, I think the best case here is Gantt. Because the standard that Gantt establishes is based on relevance. The word nexus does not appear in the Gantt decision. Gantt says that police may search a car incident to the arrest of a recent occupant if they reasonably believe that evidence relevant to the crime of arrest might be found in the vehicle. Relevance is an extraordinarily broad standard. An item is relevant if it has any tendency to prove or disprove a fact that's of a consequence in determining the action. And based on that, officers reasonably concluded that binoculars were relevant to the crime of arrest. Would your position be the same that they could search the car under Gantt if there had been no binoculars and all they saw was an empty magazine on the dashboard? Probably yes, Your Honor. Again, I don't think the court needs to consider the magazine. I think even without the binoculars, that the officers probably would have had a reasonable belief. And why is that? Well, the totality of the circumstances, Your Honor. They knew that he had driven the truck from a long ways away, ten and a half hours, that he had used the truck itself to engage in an unconsented contact. The statute specifically forbids defendants from appearing at their victim's workplace or appearing within sight of the victim. So the truck itself was an instrument of the stalking. Was there any prior evidence? Go ahead. Just on the magazine, why? I'm still confused. During the stalking trial, would you admit this magazine into evidence as evidence of anything? What is it relevant to? The binoculars I could see would be relevant to whether he's watching her or not, for example. What the heck is the magazine relevant to? Well, Your Honor, the statute does talk about having an intent to intimidate or terrorize. And so there's an argument to be made that it's relevant. But that's why I focused on the binoculars, because I think they alone can support this search, amply support this search. And there's such a clear, common-sense connection between binoculars and stalking, and that aligned with the officer's training and experience. Detective Talbot testified that she was asked, based on your training and experience, what's typical evidence in a stalking case? The first thing she says, binoculars. And she also said that she believed binoculars to be relevant evidence in this case. She said she believed the defendant was using them to commit this crime. And that wasn't just some sort of post hoc testimony. Actually, before the search itself, Officer Collins called Detective Talbot, said, hey, I found these binoculars. And she said, well, obviously that's going to be evidence of the stalking. And so the court should also consider the officer's training and experience, that binoculars are a hallmark of this type of offense. And I'm glad to answer any questions the court might have about the arrest. She says evidence of the secondary crime, right? It sounds to me like she's talking about another crime, like the things she lists would be evidence of an attempted kidnapping that would flow from the stalking or an assault or whatever it would be. She does mention secondary crimes, Your Honor, but if you look at the transcript, I think it's pretty clear that her testimony is that binoculars are typical evidence of stalking. And then her testimony is also that items that could be used in a secondary crime, she would also consider those relevant to the offense of stalking itself. Was there any record evidence supporting that the defendant had been violent, like violent A or violent with a weapon B at any point in the prior contact with the victim? There was the allegation from the victim that in November of 2023, the victim had gone to Pennsylvania to a friend's house and the defendant showed up there. The victim's allegation was that the defendant had assaulted her and she had called the police and that there were criminal charges pending. The record's not super clear about that. The affidavit of complaint, that's record four, that talks about her allegations in detail. In closing, Your Honors, the officers reasonably believe that the defendant's truck contained evidence relevant to stalking. The district court did not err. This court should affirm. Thank you. Roberto? Yes, Your Honor. So I think in some sense there's overlap, which is it is about relevance, it is about totality of the circumstances and reasonableness, but it's relevance to what? Is it a hypothetical crime, anything under the elements of the Tennessee statute, or is it the basis of the arrest? And I think to make Gantt work, to avoid the kind of means, alternatives, aggravation, armed career criminal act categorical approach that has not worked well for anyone, this court should take the practical approach of what was the actual basis of the arrest? Why was this person taken into custody at that time, that crime, as opposed to sort of any hypothetical crime? And the issue is, and you look at Detective Talbot's testimony below or what occurred below, people were talking of type of offense, typical evidence, and hypothetical crimes, as opposed to applying the proper test of what actually happened in the crime in this case. And that's why I think it would behoove the court to announce the proper legal standard and then vacate and remand so that the parties can sort of litigate properly the issues relevant to the search, as opposed to kind of fighting over the elements or other distractions. What type of conduct do you think that the officers should have done to make them legal under your standards? Or could they have done nothing except talk to him and he was driving off with him, or was about to? So they, after they had handcuffed him, they had handcuffed him for 20 minutes and then they formally arrested him. And at that point, if they wanted to search the truck, they could have gotten a warrant. You know, he was secured, he was arrested, there was no risk the evidence was going to be destroyed. So I think in that circumstance, given that the probable cause exception didn't apply, given that the safety or evidence destruction exception didn't apply, the court could have gotten a warrant. And Thornton and Gantt, those cases are about you do need to get a warrant for a vehicle in these circumstances. There's not a blank check to search just because you've arrested someone. Thank you. So he would have had to sit with his handcuffs on while they went to get a warrant from an aggressor, right? Yes, or they could have driven him off and processed him because they had arrested him and then gotten a warrant. There was no exigency at that point. They had time. They could have left someone there, they could have gone back. Okay, so you're not saying that was an arrest. Are you saying it was an arrest? So our position in the briefs is that the initial handcuffing was an arrest and that that was improper. But even if the court disagrees, even if the court thinks that the initial handcuffing was not an arrest, was proper because he was trying to flee, they then say the actual arrest occurred 20 minutes later. Even if the government is correct on that, the search is still illegal because the exception did not apply. They still should have gone and gotten a warrant. Okay. Okay, thank you, counsel. Thank you both for your briefs and arguments. The case will be submitted.